SAMUEL A. ETTELSON, for appellant; ROY S. GASKILL, of counsel.

EARL J. WALKER, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

CIVIL SERVICE, § 28*—*when demurrer to petition of mandamus on ground of laches is properly sustained.* In mandamus proceedings against a city, brought by a lieutenant of the fire department to have his name restored to the roster from which it had been dropped, where the original petition, which was filed nearly nine years later, failed to state any facts excusing the delay in the filing of the petition, *held* that the demurrer to the petition on the ground of laches was improperly overruled.

---

### Isadore H. Stone, Appellee, v. Janette Manufacturing Company et al., Appellants.

### Gen. No. 23,364.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in this court. Affirmed. Opinion filed April 23, 1917. Rehearing denied May 4, 1917.

### Statement of the Case.

Bill by Isadore H. Stone, complainant, against Janette Manufacturing Company and certain stockholders of the corporation, defendants, to restrain the sale or disposition of treasury stock of the corporation. From an order denying a motion to dissolve a temporary injunction, defendants appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stone v. Janette Manufacturing Co., 205 Ill. App. 407.

LESLIE A. GILMORE, for appellants.

BERNARD J. BROWN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 309*—*when appeal lies from order denying motion to dissolve injunction.* Under the Practice Act, sec. 123 (J. & A. ¶ 8661), entitled "An Act in relation to practice and procedure in courts of record," an interlocutory appeal lies from an order denying a motion to dissolve an injunction.

2. INJUNCTION, § 385*—*when discretion of chancellor in dissolving temporary injunction restraining sale of corporate stock not interfered with.* On an application for a temporary injunction by a minority stockholder, who charged the other stockholders with a conspiracy and combination to deprive him of his interest in the corporation and to destroy the value of his stock so as to compel him to sell at a loss, and that a resolution had been passed authorizing the issuance of treasury stock and a sale thereof at par value if such stockholders saw fit, and that such stock would be sold to the defendants and others at par, which would increase the capital stock of the corporation, and that the stock of the complainant would thereby be reduced by about one-half of its value, so that his voting power would be destroyed, and that there was no necessity for the sale of such stock as the corporation was not in need of money, and that the defendants did not intend to pay for the stock, their only purpose being to injure the value of complainant's stock and lessen his voting power, and, upon the bill, supported by affidavit, a temporary injunction restraining the sale or disposition of such treasury stock was granted, and the court subsequently denied a motion to dissolve, *held* that the exercise of the sound discretion of the chancellor would not be interfered with.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*j*